UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND LENAIR ADAMSON,

    Plaintiff,

v.                                                               Case No. 8:06-cv-683-T-23MAP

STATE OF FLORIDA, *et al.*,

    Defendants.

_____/

## **O R D E R**

    Adamson's complaint, filed pursuant to 42 U.S.C. § 1983, alleges that his civil rights were violated by Polk County officials when they prosecuted him for an offense he did not commit. Having reviewed the complaint, and even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972)(per curiam), the court finds that the complaint is without merit.

    Pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims, "if the allegation of poverty is untrue," or the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Adamson's complaint is subject to *sua sponte* dismissal prior to service on the named defendants because he is challenging the validity of a conviction.  When a state prisoner challenges the fact or duration of his confinement, his exclusive federal remedy is a writ of habeas corpus.  *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).  This long-standing principle was again affirmed in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Note that the proper procedure is to **dismiss** the civil rights complaint if the court determines that the validity of the conviction or sentence will be called into question if the plaintiff prevails. A claim under § 1983 does not exist until Adamson prevails on habeas corpus.  "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  *Heck ,* 512 U.S. at 489-90.

Consequently, Adamson 's complaint fails to state a cause of action as a matter of law because it does not allege that the pertinent conviction has been "reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 487.  Should Adamson wish to pursue this matter further, he must commence a new action in which he makes the requisite showing as outlined above.  The dismissal of this case is without prejudice to Adamson's right to re-file his claim under 42 U.S.C. § 1983 when he can demonstrate that the conviction or sentence has been invalidated.

Accordingly, this action is **DISMISSED** without prejudice because the complaint is premature as a matter of law.  The motion for leave to proceed *in forma pauperis* (Doc. 2) is denied as moot.  The clerk shall enter a judgment against Adamson and CLOSE this action.

ORDERED in Tampa, Florida, on April 26, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro